```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
CHESTER L. ROSE, JR.,               :
                                    :
        Plaintiff,                  :   Civ. No. 16-4028(NLH)
                                    :
    v.                              :   OPINION
                                    :
ATLANTIC CTY. JUSTICE               :
FACILITY, et al.                    :
                                    :
        Defendants.                 :
_____ :

APPEARANCES:
Chester L. Rose, Jr.
242810
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Chester L. Rose, Jr. ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Court previously granted him leave to proceed in forma pauperis and ordered the Clerk of the Court to file the Complaint. (ECF No. 4.)

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Atlantic County Justice Facility and CFG Medical Center. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 11, 2016, Plaintiff alleges that he fell from the top bunk in his cell and injured his ankle. (Compl. ¶ 4, ECF No. 1.) A correctional officer took him to the medical center, where Nurse Marie Affreni examined his leg and, because there was no swelling or bruising, determined that it was only a sprain. (Id.). The nurse provided Plaintiff with Motrin and he returned to his cell. (Id.) Plaintiff's foot swelled the next day, but he assumed it was still just sprained and waited until the following Monday to submit a "sick call slip." (Id.) He was seen by another nurse, who sent him for x-rays, where it was determined that his ankle was broken. (Id.) Plaintiff was sent to the medical unit of the hospital. (Id.)

Plaintiff is seeking $160,000 in damages for his pain and suffering. (Compl. ¶ 5.)

**II. DISCUSSION**

**A. Legal Standard**

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte

screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678).  Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> the United States or other person within the
> jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding
> for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, the claims against Atlantic County Justice Facility must be dismissed with prejudice because a correctional facility is not a "person" subject to suit under § 1983. See Boomer v. Lewis, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983.") (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); Parrish v. Aramark Foods, Inc., No. 11-5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases).

With regard to the only other named defendant, CFG Medical Center, Plaintiff has failed to allege sufficient facts to state a claim. For purposes of claims under § 1983, CFG "cannot be held responsible for the acts of [their] employees under a

5

theory of respondeat superior or vicarious liability." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must set forth sufficient facts indicating that a policy or custom of that entity caused the alleged constitutional violation. Id. at 583–84 (citing Bd. of Cty. Comm'rs of Bryan Cty. Oklahoma v. Brown, 520 U.S. 397, 404 (1997)). Plaintiff has made no allegations regarding a policy or custom of CFG and therefore any claims against it must be dismissed without prejudice.

Even if the Court were to construe Plaintiff's allegations as claims of denial of medical care against the first nurse who treated Plaintiff and improperly diagnosed his injury as a sprain, Plaintiff's claim would fail. The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.[2] Rhodes v. Chapman, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S.

---

[2] To the extent Plaintiff was a pre-trial detainee at the time of the incidents, he is entitled to due process protections under the Fourteenth Amendment. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). Without deciding whether the Fourteenth Amendment provides greater protections, the Third Circuit has found it sufficient to apply the Eighth Amendment standard set forth in Estelle v. Gamble, 429 U.S. 97 (1976) when evaluating a claim for inadequate medical care by a detainee. Banda v. Adams, No. 16-1582, 2017 WL 76943, at *2 (3d Cir. Jan. 9, 2017) (citing Natale, 318 F.3d at 581).

97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837–38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden Cty., 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth

7

Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met.... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.

Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 346 (citations omitted).

Here, Plaintiff has failed to sufficiently allege

8

deliberate indifference on the part of Nurse Affreni. He alleges that she promptly examined him after he injured his leg, but because there was no swelling or bruising, she concluded that it was only a sprain and provided him with pain medication. (Compl. ¶ 4.) While this conclusion ultimately turned out to be incorrect, there are no allegations from which the Court can infer deliberate indifference. At best, Plaintiff has pled a malpractice claim, which is insufficient under <u>Estelle</u>. 429 U.S. at 105-06. As such, any intended claim against Nurse Affreni is dismissed without prejudice.

**III. CONCLUSION**

For the foregoing reasons, the claims against Atlantic County Justice Facility will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. The claims against Defendants CFG and Nurse Affreni will be dismissed without prejudice. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an

amended complaint.[3]  An appropriate Order follows.


Dated: May 5, 2017                      s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.